

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Z. D. Allen
District Attorney
Wichita Falls, Texas

Dear Sir:          Attention of Mr. C. C. Fillmore

Opinion No. O-1526
Re: Is a State Highway Patrolman en-
titled to mileage as out-of-county
witness in a felony case and before
the grand jury investigating a
felony?
Is a State Highway Patrolman en-
titled to the $2.00 per diem, as
out-of-county witness, in a felony
case and before the grand jury in-
vestigating a felony?

Your request for an opinion on the above stated
questions has been received by this department.

Article 1036, Code of Criminal Procedure, reads
in part as follows:

"Any witness who may have been recogniz-
ed, subpoenaed or attached, and given bond for
his appearance before any court, or before any
grand jury, out of the county of his residence
to testify in a felony case, and who appears
in compliance with the obligations of such re-
cognizance or bond, shall be allowed his actual
traveling expenses, not exceeding four cents
per mile going to and returning from the court
or grand jury, by the nearest practical convey-
ance, and two dollars per day for each day he
may necessarily be absent from home as a wit-
ness in such case.

"Witnesses shall receive from the State,
for attendance upon district courts and grand
juries in counties other than that of their

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

residence, in obedience to subpoenas issued
under the provisions of law their actual
traveling expenses, not exceeding four cents
per mile, going to and returning from the
court or grand jury, by the nearest practical
conveyance, and two dollars per day for each
day they may necessarily be absent from home
as a witness, to be paid as now provided by
law;...."

Section 3 of the above mentioned article pro-
vides that:

"Before the close of each term of District
Court, the witness shall make an affidavit stat-
ing the number of miles he will have traveled
going to and returning from the court, by the
nearest practical conveyance, and the number
of days he will have been necessarily absent
in going to and returning from the place of
trial; which affidavit shall be filed with the
papers of the case. No witness shall receive
pay for his services as a witness in more
than one case at any one term of the court.
Fees shall not be allowed to more than two
witnesses to the same fact, unless the judge
before whom the cause is tried shall, after
such case has been tried, continued, or other-
wise disposed of, certify that such witnesses
were necessary in the cause...."

It is well settled that no public official is
entitled to receive and retain any fees or compensation
unless there is a provision made by the Legislature giv-
ing the same to him. See the cases of M. C. Calla vs.
City of Rockdale, 246 SW 654; Duclos vs. Harris County,
298 SW 417 and authorities cited therein. Along the same
line, the courts have held that the Legislature may pro-
vide for the allowance of expenses incurred by an officer
in addition to the compensation fixed by law. Terrell vs.
King, 14 SW 2nd 786. Article 3897, Vernon's Civil Statutes
and authorities cited thereunder, pertaining to the filing
of expense accounts of various officials.

In the case of Lay vs. State, 202 SW 729, the
question was whether a salaried policeman was entitled to

his per diem under the old Article 1137b, Code of Criminal Procedure (now repealed). The court, in this case, after holding this article applicable only to felony cases and not the case under consideration, which was a misdemeanor, used the following language:

"There being no difference with reference to misdemeanor cases as to the character of witnesses, whether officers or not, the officer would come within the general category, as we understand the law, as witness. His official character, so far as that proposition is concerned, would make no difference...."

We quote from Senate Bill No. 427, Acts of the 46th Legislature, as follows:

"No traveling expenses shall be claimed, allowed, or paid unless incurred while traveling on official business of the State. Any state official or employee entitled to traveling expenses out of state appropriations herein made, who is legally or officially required to be present at the trial of any state case, shall not claim traveling expenses from the state and also from the court, wherein said case is pending. If, by oversight, duplicate claims are filed for said traveling expenses and collected then said officers or employees shall reimburse and refund to the state treasurer in an amount equal to the respective amount collected under such witness fee and mileage claimed."

Under the case of Lay vs. State, supra, it seems that the official character of the witness makes no difference as to the per diem, where the statutes do not specifically draw a line between officers as witnesses and ordinary witnesses. Article 1036, Code of Criminal Procedure, supra, the present statute providing fees and mileage for out of county witnesses does not make this distinction. It has long been the departmental construction of the Comptroller's office that State Highway Patrolmen are entitled to mileage and the $2.00 per diem as out-of-county witnesses in a felony case in the court and before the grand jury investigating a felony. However, such highway patrolmen receiving mileage

fees and $2.00 per diem from the court are not entitled
to collect the mileage fees and the $2.00 per diem and
also the traveling expenses allowed by the general appro-
priation bill. If the per diem and mileage under Article
1036 and the traveling expenses as allowed by the general
appropriation bill are collected, then such highway patrol-
men would be required to reimburse and refund to the State
Treasurer an amount equal to the respective amount col-
lected as such witness fee and mileage Under Article 1036,
supra; that is, Highway Patrolmen when subpoenaed as out-
of-county witness before the court in a felony case or be-
fore the grand jury investigating a felony case cannot
claim both the mileage fees and per diem as allowed by
Article 1036, supra, and also the traveling expenses al-
lowed by the General Appropriation Bill. We believe the
Comptroller has correctly construed the law.

We want to thank you for the able brief sub-
mitted with your inquiry which has been very helpful in
answering your questions.

Trusting that the foregoing fully answers your
inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:AW

APPROVED NOV 2, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN